ARLENE STEPP, an Infant, by WILLIAM S. STEPP, Her Guardian ad Litem, Respondent, v. TYNE-WILLEY, INC., Appellant.—Appeal by the defendant

from a judgment entered upon the verdict of a jury in favor of plaintiff against defendant at the Broome Trial Term of the Supreme Court, and from an order denying a motion to set aside the verdict and for a new trial. Arlene Stepp, the infant plaintiff, recovered a verdict of $8,000 for injuries she received while a passenger riding with her father in his car, which was in collision with a bulldozer of the defendant, who was a contractor engaged in the reconstruction of a highway under a contract with the State of New York. Appellant contends first that the defendant was not proven negligent. There was evidence that the defendant's bull-dozer was parked on a curve so that a portion of it extended over the northerly strip of the new two-strip concrete construction being performed by plaintiff, and that it was inadequately lighted. Plaintiff's father knew the highway was under construction, and signs informed the traveling public of the curve where the accident occurred. He testified that he met a car coming from the opposite direction just before he reached the bulldozer as he started rounding the curve, that the lights of that car " shone " in his eyes, and the bulldozer suddenly appeared in front of him just as a shadow, and he hit it and stopped. He was traveling twenty to twenty-five miles an hour, and from the photographs it would appear that the right side of the car collided with the left rear corner of the bulldozer. Plaintiff's father's testimony as to the position of the bulldozer and the inadequacy of lights was corroborated by the testimony of a police officer of the village of Owego. Appellant contends also that plaintiff's counsel was erroneously permitted to cross-examine with reference to certain provisions of the contract between defendant and the State of New York, as to barricades and lights. The court admitted this evidence solely as bearing on the witness' interest. In its charge the court completely disregarded the contract, charging the defendant's duty to be one of reasonable care under the circumstances. With the limitation imposed, the error, if any, was not prejudicial. Appellant's final point is that the verdict is excessive. Plaintiff, a nine-year-old girl, sustained a broken femur of the right leg, causing a permanent angulation and shortening of the leg and a compensatory curvature of the spine. She has a permanent limp and interference with her walk. In view of this evidence the jury's verdict is not excessive. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.